UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EBERSPAECHER NORTH AMERICA, INC. | Case No. 09-12193 |
| | HONORABLE SEAN F. COX |
| Plaintiff, | United States District Judge |
| v. | |
| CAMI AUTOMOTIVE, INC. | |
| Defendant. | |

OPINION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 3]

Plaintiff Eberspaecher North America, Inc. ("ENA") filed this cause of action against CAMI Automotive, Inc. ("CAMI") in the Oakland County, Michigan, Circuit Court on or about April 9, 2009. Pursuant to this Court's diversity jurisdiction, CAMI removed this action on June 5, 2009 [*See* Doc. No. 1]. The matter is currently before the Court on CAMI's Motion to Dismiss [Doc. No. 3], wherein CAMI seeks dismissal of this action pursuant to FED. R. CIV. P. 12(b)(3) and 12(b)(6). The parties have fully briefed the issues, and a hearing was held on October 22, 2009. For the reasons below, the Court **GRANTS** Defendant CAMI's Motion to Dismiss [Doc. No. 3].

BACKGROUND

Plaintiff ENA is a Delaware corporation with its principal place of business in Oakland County, Michigan [*See* Pl.'s Complaint, Doc. No. 1, ¶1], and is an automotive supplier that manufactures exhaust systems for automobiles. *Id*. at ¶5. Defendant CAMI is a Canadian corporation with its principal place of business in Ingersoll, Ontario, Canada. *Id*. at ¶2.

CAMI is a joint venture between automotive manufacturers General Motors Corporation

1

and Suzuki Motor Corporation, and CAMI produces vehicles for both General Motors and Suzuki at its plant in Canada. *Id*. at ¶6. In 2006, ENA and CAMI entered into an agreement, whereby ENA would supply CAMI with exhaust systems for CAMI's Suzuki XL7. *Id*. at ¶8. Per ENA's Complaint, CAMI represented before entering into the agreement that the project "would run for five years, and that CAMI would order a certain volume of parts from ENA during those five years." *Id*. at ¶9.

The contract between CAMI and ENA ("the Contract") contained the following choice of law and forum selection clause:

> GOVERNING LAW: JURISDICTION: This contract is to be construed according to the laws of *the Province of Ontario, Canada from which this contract is issued* as shown by the address of [CAMI]. . . Any action or proceedings by [CAMI] against [ENA] may be brought by [CAMI] in any court(s) having jurisdiction over [ENA] or, at [CAMI's] option, in the court(s) having jurisdiction over [CAMI's] location, in which event [ENA] consents to jurisdiction and service of process in accordance with applicable procedures. *Any actions or proceedings by [ENA] against [CAMI] may be brought by [ENA] only in the court(s) having jurisdiction over the location of [CAMI] from which this contract is issued*.

[Contract, Def.'s Ex. 1, Doc. No. 3, p.3 (emphasis added)].

On September 8, 2008, only two years into the five-year project, CAMI informed ENA that the project was suspended indefinitely. *Id*. at ¶12.

ENA filed this lawsuit on or about April 9, 2009 in the Oakland County, Michigan, Circuit Court, alleging causes of action for rescission [Counts I and II] and unjust enrichment [Count III]. In all, ENA alleges they stand to lose "more than $6.5 million" due to CAMI's termination of the Suzuki XL7 project. Citing the Court's diversity jurisdiction under 28 U.S.C. § 1332, CAMI removed this lawsuit to the United States District Court for the Eastern District of Michigan on June 5, 2009.

On June 12, 2009, CAMI filed the instant Motion to Dismiss [Doc. No. 3], wherein CAMI seeks dismissal of this action in accordance with the Contract's forum selection clause. [*See* Doc. No. 3, p.1]. ENA argues, however, that "this Court has personal jurisdiction over CAMI because CAMI has not challenged personal jurisdiction and, by filing this Motion without raising that defense, has waived that defense." [Pl.'s Br., Doc. No. 4, p.1].

## STANDARD OF REVIEW

The Defendants bring the instant motion pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is only proper if, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955, 1970 (2007). This Court also has the power to dismiss an action under FED. R. CIV. P. 12(b)(3) based upon an international forum selection clause. *See, e.g., Global Link, LLC v. Karamtech Co., Ltd.*, 2007 WL 1343684, *1 (E.D. Mich. May 8, 2007).

## ANALYSIS

Defendant CAMI argues that the Contract's forum selection clause requires this Court to dismiss the instant action by ENA. The Court agrees, and therefore **GRANTS** CAMI's Motion to Dismiss [Doc. No. 3].

Michigan law holds that "[a] contract is to be construed as a whole; that all parts are to be harmonized so far as reasonably possible." *Laevin v. St. Vincent De Paul Society of Grand Rapids*, 323 Mich. 607, 609 (1949)(internal citations omitted). It is a court's obligation to

3

determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning.  *In re Smith*, 480 Mich. 19, 24 (2008).  Courts interpret the words used in a contract in accordance with their commonly used meanings, *Citizens Ins. Co. v. Pro-Seal Service Group, Inc*., 477 Mich. 75, 84 (2007), and must enforce an unambiguous contract according to its plain terms.  *Kay Inv. Co. LLC v. Brody Realty No. 1 LLC*, 273 Mich. App. 432, 437 (2006).

Further, it is well-settled that "[a] forum selection clause in an international agreement should control absent a strong showing that it should be set aside."  *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).  Such clauses are "prima facie valid," and courts should "enforce the forum selection clause specifically unless. . . [the party can] clearly show that enforcement would be unreasonable, unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

In the instant case, neither party disputes that the Contract governed the relationship between ENA and CAMI, and neither party disputes the language of the Contract's forum selection clause.  Again, with respect to any potential suit ENA may bring against CAMI, the following provision governs:

> Any actions or proceedings by [ENA] against [CAMI] may be brought by [ENA] only in the court(s) having jurisdiction over the location of [CAMI] *from which this contract is issued*.

[Contract, Def.'s Ex. 1, Doc. No. 3, p.3 (emphasis added)].

ENA argues that this language means that, "if a court has jurisdiction over CAMI, venue is proper in that Court." [Pl.'s Br., Doc. No. 4, p.3].  This argument, however, ignores the remainder of the Contract's relevant clause: ". . . from which this contract is issued."  While that

phrase is ambiguous when read in isolation, its meaning is clear when read in conjunction with the remainder of the contract, as the Michigan Supreme Court in *Laevin* instructed courts interpreting contractual ambiguities to do.

The "location of [CAMI] from which this contract is issued," can be resolved simply by looking to the first page of the contract. There, CAMI's location is clearly listed as "Ingersoll - Ontario." [Contract, Def.'s Ex. 1, Doc. No. 3, p.1]. As such, the Contract's forum selection clause states that ENA may only bring an action against CAMI in "the court(s) having jurisdiction over the location of [CAMI]" - i.e., the Canadian courts having jurisdiction over Ingersoll, Ontario.

This outcome is further supported by the language of the Contract's forum selection and choice of law clause. The first sentence of that clause states that "[t]his contract is to be construed according to the laws of the Province of Ontario, Canada from which this contract is issued." *Id.* at p.3. The phrase "from which this contract is issued" clearly refers to the Province of Ontario. Construing similar terms consistently throughout that clause, it follows that the phrase "from which this contract is issued" at the end of that paragraph would refer to the same location as that in the beginning of the clause - Ontario, Canada. As such, the Contract's forum selection clause is clear that actions by ENA against CAMI involving the Contract must be litigated in the courts of Ontario, Canada.

ENA's argument regarding this Court's personal jurisdiction over CAMI does not change this analysis. While ENA is correct that "this Court has personal jurisdiction over CAMI because CAMI has not challenged personal jurisdiction," [Pl.'s Br., Doc. No. 4, p.1], the Contract's valid forum selection clause still governs.

Again, forum selection clauses are "prima facie valid," and should ordinarily be enforced "unless. . . [the party can] clearly show that enforcement would be unreasonable, unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15. As no argument has been made by ENA regarding fraud, overreaching, or other injustice in this motion, the Court will therefore "enforce the forum selection clause specifically," *Id.*, by requiring ENA to litigate this dispute in the courts of Ontario, Canada.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant's Motion to Dismiss [Doc. No. 3].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager